# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CRIMINAL ACTION NO. 1:09-cr-00169

KENOMA A. ROBINSON,

        Defendants.

## MEMORANDUM OPINION AND JUDGMENT ORDER

On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. On November 10, 2011, pursuant to a Standing Order entered on May 18, 2012, this case was designated to proceed under the Standard Procedure. (Document 59).

The Court has carefully reviewed the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

At sentencing, this Court attributed to Defendant a total of 8.313 grams of cocaine base, which resulted in a base offense level of twenty-four (24). He received a three-level reduction for acceptance of responsibility; but no other sentencing guideline enhancements or reductions were applied. In light of Defendant's twelve (12) criminal history points, Defendant had a criminal history category of V. With a total offense level of twenty-one (21) and a criminal history category of V, Defendant's original advisory guideline range was seventy to eighty-seven (70 to 87) months. However, this Court determined that the Guidelines' imposition of a disparity between crack cocaine and powder cocaine was unjust and, instead, applied a 20 to 1 ratio. As a result, the Defendant's base offense level was reduced to eighteen (18). Given the three-level reduction for acceptance of responsibility, Defendant's total offense level was reduced to fifteen (15). Use of the alternate cocaine base/powder cocaine ratio provided for an advisory guideline range of thirty-seven to forty-six (37 to 46) months. Upon consideration of this range, the Court varied downward to impose a term of imprisonment of forty-six (46) months. (Document 53).

The United States contends that with this Court's use of the 20 to 1 ratio and the imposition of a variant sentence, Defendant is not eligible for a further reduction under 18 U.S.C. § 3582(c)(2). (Document 61). Pointedly, the Government argues that under the 2011 Amendments, Defendant's advisory guideline range remains at thirty-seven to forty-six (37 to 46) months. (*Id.*)

Defendant, through counsel, agrees that his advisory guideline range under the 2011 Amendment is that which was considered by the Court after its use of the 20 to 1 cocaine base/cocaine ratio. However, Defendant argues that "[t]here is only one 'applicable' Guideline range" in a case and that it is the one determined "after a correct calculation of the Guidelines pursuant to the applicable edition of the Federal Sentencing Guidelines Manual." (Document 60 at

2.) According to the Defendant, any other range used by the court "as an aid . . . in exercising its duties under 18 U.S.C. § 3583(a), does not change that fact." (*Id.*) Defendant argues that his guideline range was that which was calculated prior to the use of the 20 to 1 ratio, or seventy to eighty-seven (70 to 87) months, and that this range changed through the application of the 2011 Amendment. Therefore, he asserts that he is eligible for a reduction. Defendant further argues that this Court, after considering the advisory guideline range provided for by use of the 20 to 1 cocaine base to powder cocaine ratio, "imposed a sentence near the bottom of that alternatively-calculated range" and he now requests a sentence of thirty-seven months of imprisonment. (*Id.* at 2-3.) In support of his request for a sentence reduction, Defendant argues that he has incurred only two minor disciplinary infractions since his incarceration, the last of which occurred over eighteen months ago. (*Id.* at 3.) He also contends that he is working toward a GED and has completed the financial responsibility program. (*Id.*)

Applying the 2011 amendments to the Sentencing Guidelines, the Guidelines provide for a base offense level of eighteen (18) and a total offense level of fifteen (15). Given a total offense level of fifteen and a criminal history category of V, the amended guideline range is thirty-seven to forty-six (37 to 46) months.[1] The Court, at the time of the original sentence, over two years ago, considered this applicable advisory guideline range and found, contrary to Defendant's assertion, that a sentence at the *high-end* of that advisory guideline range was warranted to satisfy the goals of Section 3553(a), based upon the nature and circumstances of the offense and the history and characteristics of this Defendant.

---

[1] As noted above, this amended guideline range is the same range established by this Court's previous rejection of the cocaine powder and crack cocaine and considered by the Court during Defendant's original sentencing.

In this instance, the Court has, again, given consideration to the Section 3553(a) factors, the goals of sentencing, public safety considerations and Defendant's post-sentencing conduct and finds that no further sentence reduction is warranted. As an illustration, the Court has considered that Defendant is responsible for a relatively small quantity of drugs in this case and that this conviction is his first federal drug offense. However, Defendant first began engaging in criminal conduct in 1991 and has continued in his criminal pursuits through the time of the instant conviction. He has a lengthy criminal history that includes various convictions for, among other crimes, obstructing justice, resisting arrest, delivery of a scheduled II controlled substance (cocaine), simple battery, carrying a concealed weapon, public intoxication, petit larceny, destruction of property, possession with intent to deliver a schedule II controlled substance (cocaine), disturbing the peace, driving under the influence, attempted drug abuse, attempted aggravated trafficking, and traffic offenses. This string of convictions demonstrates Defendant's lack of respect for the law. Moreover, Defendant's prior periods of confinement have not served to deter him from committing future criminal conduct, as evidenced by the fact that he engaged in new criminal conduct in this case only eight months after his term of parole expired. Additionally, this Court has, again, considered this Defendant's history and characteristics, including his educational level and substance abuse history. Further, the Court has considered Defendant's post-sentencing conduct of two incident reports of possessing intoxicants in September and October of 2010 and his efforts to obtain a GED. However, the Court finds that the original sentence imposed is sufficient, but not greater than necessary, to protect the public from future crimes of the Defendant, to promote respect for the law and to deter criminal conduct.

For the reasons set forth above, the Court **FINDS** that a reduction is not warranted in this case and **ORDERS** that Defendant's request for a sentence of thirty-seven months imprisonment pursuant to 18 U.S.C. § 3582 be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTER: July 31, 2012

*signature*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA